UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GUSTAVO SERRANO,<br>Defendant. | Case No. 2:05-cr-00208-HDM-BNW<br><br>ORDER |

Before the court is the defendant's renewed motion to modify term of supervised release (ECF No. 99). The government has responded (ECF No. 100), and the defendant has replied (ECF No. 101). Both the government and the Probation Department oppose early termination of supervised release at this time.

At any time after one year of supervised release has expired, and after considering several enumerated 18 U.S.C. § 3553(a) factors, the court may modify or terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e).

The court has considered the record and the pleadings on file in this matter, the standard set forth in § 3583(e), and the relevant § 3553(a) factors and concludes that early termination of supervised release is not warranted at this time. Protection of

the public is a significant concern in this case. The defendant was convicted of coercion and enticement and therefore does not meet the criteria in (1) and (2) of the Guide to Judiciary Policy, Volume 8E, Chapter 3. Moreover, the defendant, while in compliance with some of his conditions of supervised release, has had concerning lapses. On February 21, 2023, the court pronounced judgment adjudicating the defendant guilty of unauthorized contact with minors and making untruthful statements to the U.S. Probation Officer. The defendant's supervised release was revoked and he was sentenced to six months of custody and lifetime supervision was reimposed subject to the terms and conditions set forth in the judgment entered February 22, 2023 (ECF No. 78).

In January 2026, the defendant again moved to reduce the term of his supervised release. The motion was denied for the reasons set forth in the court's order of January 30, 2026 (ECF No. 93). Except for the passage of six months, the reasons for the denial have not changed including the fact the defendant has not completed his sex offender treatment program. Therefore, the court concludes that modification of the defendant's supervised release is not currently in the interests of justice and it is premature to determine whether the defendant's supervised release should terminate in 2039.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS ORDERED that the defendant's renewed motion to modify term of supervised release (ECF No. 99) is therefore DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: This 15th day of September, 2026.

UNITED STATES DISTRICT JUDGE